Filed 12/19/24  P. v. Easter CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE, | F087610 |
| Plaintiff and Respondent, | (Super. Ct. No. F22906748) |
| v. | |
| YORKUS DWAYNE EASTER, | **OPINION** |
| Defendant and Appellant. | |

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Charles J. Lee, Judge.

Robert Nathan Treiman, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Smith, J. and De Santos, J.

Appointed counsel for appellant Yorkus Dwayne Easter asked this court to review the record to determine whether there are any arguable issues on appeal. (See *People v. Wende* (1979) 25 Cal.3d 436.) Counsel filed an opening brief that sets forth the facts relating to this appeal and includes appellant's request that we address whether his custody credits were correctly calculated.

Appellant was advised of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from appellant. Finding no arguable error that would result in a disposition more favorable to appellant, we affirm the judgment.

The following is a brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

The probation report describes that on July 6, 2022, appellant and another individual approached the victim who was seated in a van. While the other individual demanded money from the victim, appellant reached into the van and grabbed the victim's purse and fanny pack from inside. When the victim got out of the van to stop appellant, the other individual punched the victim in the face, and then appellant punched the victim in the face several times. Appellant and the other individual left with the victim's belongings.

The District Attorney of Fresno County filed a complaint on September 16, 2022, charging appellant with second degree robbery (Pen. Code,[1] § 211) and alleging that appellant had a prior serious or violent felony conviction within the meaning of sections 667, subdivisions (b) through (i) and 1170.12, subdivisions (a) through (d) (the "Three Strikes" law), which was also a prior serious felony conviction within the meaning of section 667, subdivision (a). On November 15, 2023, appellant entered into an agreement with the prosecution that in exchange for his plea of no contest to the

---

[1] Undesignated statutory references are to the Penal Code.

2.

robbery charge and admission to having a prior serious felony conviction, he would not be sentenced to more than the middle term, and the trial court indicated that it would grant a motion to strike the prior conviction.[2]

The trial court sentenced appellant on January 24, 2024, to the middle term of three years in prison after striking appellant's prior serious felony conviction. The court also ordered appellant to pay a $900 restitution fine (§ 1202.4), a $900 stayed parole revocation restitution fine (§ 1202.45), victim restitution (§ 1202.4, subd. (f)), a $40 court operations assessment (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373). Additionally, the court awarded appellant 497 days of actual local time credits and 74 days of local conduct credits, for a total custody credit of 571 days.[3] According to the probation report, appellant was in custody from September 15, 2022, through January 18, 2024, a total of 491 days, and earned 73 additional days of local conduct credits. The trial court added six days of actual time to reflect the January 24, 2024 sentencing date, which resulted in one additional day of local conduct credit.

Appellant filed a timely notice of appeal on February 13, 2024.

While section 4019 permits a prisoner, following arrest and prior to the imposition of sentence for a felony conviction, to earn additional credit beyond actual time in custody, section 2933.1 imposes a 15 percent limit on presentence conduct credits for "any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5." (§ 2933.1, subd. (a); see *id.*, subd. (c).) Robbery is a violent offense listed in section 667.5. (§ 667.5, subd. (c)(9).) Fifteen percent of 497 days is 74 days

---

[2] As part of the agreement, the prosecution also moved to dismiss a separate case pending against appellant.

[3] The January 25, 2024 abstract of judgment and January 24, 2024 sentencing minute order erroneously set forth 491 days of actual local time credits and 73 days of local conduct credits, for a total custody credit of 564 days. These calculations are consistent with the probation report but fail to account for the time between January 18 and January 24, 2024.

and, therefore, the trial court properly calculated appellant's conduct credits in applying that limit.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to appellant.

## **DISPOSITION**

The trial court is directed to amend the January 25, 2024 abstract of judgment and January 24, 2024 sentencing minute order to reflect that the trial court awarded appellant 497 days of actual local time credits and 74 days of local conduct credits, for a total custody credit of 571 days, and forward the amended abstract of judgment to the Department of Corrections and Rehabilitation.

The judgment is otherwise affirmed.